IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SAFECO INSURANCE COMPANY OF AMERICA** <br> as subrogee of <br> Donald Roberts <br> 62 Maple Avenue <br> Keene, New Hampshire <br><br> Plaintiff, <br><br> v. <br><br> **PERFECT AIRE, LLC** <br> 5401 Dansher Road <br> Countryside, Illinois <br><br> Defendant | Civil Action No.: <br><br><br> **JURY TRIAL DEMANDED** |

# COMPLAINT

## THE PARTIES

1. Plaintiff, Safeco Insurance Company of America ("Safeco"), is a corporation organized under the laws of the state of New Hampshire with its a principal place of business at located at 62 Maple Avenue, Keene, New Hampshire and at all times relevant hereto was duly authorized to issue insurance policies in the State of South Carolina.

2. Defendant, Perfect Aire, LLC  (hereinafter "Perfect Aire"), is a limited liability corporation organized and existing under the laws of Delaware with a principal place of business located at 5401 Dansher Road, Countryside, Illinois which has no owners, members or partners who are residents of or domiciled in the State of New Hampshire.

**JURISDICTION AND VENUE**

3. This action is commenced in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of diverse jurisdictions and the amount in controversy exceeds seventy-five thousand dollars ($ 75,000.00).

4. Venue in this action lies in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391 as Perfect Aire is incorporated in this judicial district.

**GENERAL ALLEGATIONS**

5. Safeco's insured, Donald Roberts (hereinafter "Roberts"), at all times material hereto, owned and occupied a residence at 2033 Cardinal Park Drive, Anderson, South Carolina.

6. Before December 31, 2020, Mr. Roberts purchased a Perfect Aire brand portable dehumidifier with a model number of PADP50 that has been manufactured by a China based company known as New Widetech (hereinafter the "Roberts dehumidifier").

7. The Roberts dehumidifier was sold and distributed by Perfect Aire as part of Perfect Aire's business of marketing, selling and distributing products.

8. On December 31, 2020, the Roberts' dehumidifier caught on fire, causing smoke, fire and water damage to the real and personal property of Mr. Roberts as well as a loss of use of said property.

9. Pursuant to the terms and conditions of the aforementioned policy of insurance, Safeco made payments to the Roberts for the property damage in excess of $200,000.00.

10. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, Safeco is subrogated to the rights of its insured to the extent of its payments.

## COUNT I

### Strict Products Liability

11. Plaintiff incorporates by reference herein each and every allegation set forth above as though fully set forth at length.

12. At the time the Roberts dehumidifier was sold and/or supplied, it was in a defective condition rendering the dehumidifier unreasonably dangerous to persons and property.

13. The aforementioned fire and resulting property damage was further directly and proximately caused by defendant's strict liability producing conduct in:

   a) manufacturing, selling, distributing, supplying and/or assembling a dangerously defective dehumidifier which defendant knew or reasonably should have known subjected the property of plaintiff's insured to an unreasonable risk of harm;

   b) selling and/or supplying the subject dehumidifier in a defective condition unreasonably dangerous to the property of plaintiff's insured;

   c) failing to warn of the aforesaid defective condition; and

   d) selling and distributing the dehumidifier with a defective motor for the condensate pump that failed internally.

14. The forgoing defective and unreasonably dangerous conditions in the dehumidifier caused the dehumidifier to malfunction and start a fire at the Roberts' residence causing fire, smoke and water damages to the real and personal property of the Mr. Roberts as well as a loss of use of said property.

15. Defendant, Perfect Aire Engineered Products, is liable in this matter under the doctrine of strict liability as set forth in the Restatement 2d of Torts §402A and South Carolina code section 15-73-10.

WHEREFORE, plaintiff demands judgment against defendant for an amount in excess of $228,000.00 together with interest and the costs of this action.

## COUNT II

### Negligence

16. Plaintiff incorporates by reference herein each and every allegation set forth above as though fully set forth at length.

17. The aforementioned fire and resulting property damage was directly and proximately caused by the negligence, carelessness and/or negligent omissions of the defendant in:

    a) manufacturing, selling, distributing, supplying and/or assembling the subject dehumidifier in a defective and unreasonably dangerous condition;

    b) failing to warn of the aforesaid defective condition;

    c) failing to properly and adequately manufacture, assemble, inspect and/or test the subject dehumidifier; and

    d) failing to properly test and inspect the heating element for the dehumidifier.

WHEREFORE, plaintiff demands judgment against the defendant in excess of $200,000.00 together with interest, and the cost of this action.

**COZEN O'CONNOR**

*/s/ Kaan Ekiner*
Kaan Ekiner (No. 5607)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

*Attorneys for Plaintiff*
*Safeco Insurance Company of America*

Dated: September 16, 2022